# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRUCE J. ALLEN,

        Plaintiff,

v.

M RESORT, LLC,

        Defendant.

2:11-CV-612 JCM (GWF)

**ORDER**

Presently before the court is defendant's motion to dismiss without prejudice for failure to assert a short and plain statement of the claim pursuant to Federal Rule of Civil Procedure 8(a), or to direct plaintiff to file an amended pleading that complies with Federal Rule of Civil Procedure 8(a)(2) (doc. #20). The plaintiff has responded (doc. #22), the defendant has replied (doc. #24), and the plaintiff has replied to the defendant's reply (doc. #25).

The instant action arises out of alleged gender discrimination on the premises of defendant M Resort–where plaintiff Bruce Allen was employed–and plaintiff's eventual termination–allegedly because of plaintiff's plan to testify for former coworkers in their suit against M Resort (doc. #2). Plaintiff filed claims with the NLRB and NERC (doc. #2-1) before filing the instant pro se complaint on May 18, 2010 (doc. #2).

Defendant filed the instant motion to dismiss for failure to assert a short and plain statement of the claim on the grounds that (1) plaintiff does not specify a specific statutory violation; (2)

**James C. Mahan**
**U.S. District Judge**

plaintiff does not properly plead the court's jurisdictional basis; and (3) the complaint contains too much irrelevant material without demonstrating how such material satisfies any cause of action (doc. # 20).

## I. MOTION TO DISMISS (doc. #20)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Federal Rule of Civil Procedure 8(a) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff must at least provide "the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131-32 (9th Cir. 2008) (*citing Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004)). If documents are attached to a complaint, the court may consider these documents in determining the plausibility of the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (*citing Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 429-30 (9th Cir. 1978)).

To ensure that pro se litigants do not lose their right to a hearing on the merits because of a technical procedural requirement, the Ninth Circuit construes pro se pleadings liberally–particularly in civil rights claims. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th cir. 1990) (*citing Brozeka v. Heckler*, 739 F.2d 444, 447n.2 (9th Cir. 1984)) (*citing Christensen v. C.I.R.*, 786 F.2d 1382, 1384-85 (9th Cir. 1986)). Rule 8 dismissal of a pro se complaint is appropriate if it is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is disguised." *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).

### A. Failure to Specify a Statutory Violation

Defendant states as grounds for dismissal that plaintiff failed to specify any statutory

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  violation (doc. #20). However, defendant recognizes that plaintiff's NERC claim was for a violation
2  of 42 U.S.C. § 2000, and also suggests giving plaintiff the benefit of the doubt that he will bring
3  claims under 42 U.S.C. § 2000 (doc. #20). Furthermore, plaintiff sets forth in his response to the
4  motion to dismiss that he claims "sexual harassment, gender discrimination, and retaliation in
5  accordance with Title VII of the Civil Rights Act of 1964." (doc. # 22). At this point, defendant has
6  fair notice that the claims being brought against it fall under Title VII 42 U.S.C. § 2000 of the Civil
7  Rights Act of 1964. It cannot be said that the complaint is "so confused, ambiguous, vague, or
8  otherwise unintelligible" that it should be dismissed on this ground.

### B. Failure to Properly Plead Jurisdiction

Plaintiff's complaint states "[t]his court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332." This is the diversity jurisdiction statute, which requires that no defendant be from the same state as any plaintiff, and that the amount in controversy be more than $75,000. Here, plaintiff is a citizen of Pennsylvania and defendant is a business located in Nevada. Further, plaintiff requests $850,000–well above the $75,000 threshold. Even if this court did not have diversity jurisdiction, it would have federal question jurisdiction pursuant to 28 U.S.C. § 1331, because plaintiff is bringing suit under 42 U.S.C. § 2000–a federal statute. The court is to construe pro se pleadings liberally, and granting the motion to dismiss with leave to amend on this ground would do little more than unnecessarily delay the proceedings due to a technical procedural requirement.

### C. Too Much Irrelevant Detail

As previously stated, "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." *Hearns*, 530 F.3d at 1131-32 (*citing Wynder*, 360 F.3d at 80). Too much factual detail is not grounds for dismissal without an assertion that the complaint fails to set forth a cognizable cause of action, that the legal theories are incoherent, or that the defendant cannot tell which causes of action are alleged against which defendants. *See id.* at 1130. However, it is "not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

Defendant alleges that plaintiff's complaint is "verbose, confusing, unintelligible and largely

**James C. Mahan**
**U.S. District Judge**

- 3 -

1 conclusory" and should be dismissed accordingly (doc. #22). This court disagrees. The complaint
2 sets forth each alleged incident of discrimination. He provides extensive details and at times
3 expresses "random feelings, unsupported personal characterizations and conclusions and irrelevant
4 workplace rumors" (doc. #20), but it is plausible that the defendant is setting forth discrimination
5 claims, and that he believes this information is necessary background.  As in *Hearns*, "[i]t set out
6 more factual detail than necessary, but the overview was relevant to [p]laintiff's causes of action for
7 employment discrimination." 530 F.3d at 1132. Therefore, the pro se complaint is not "wholly
8 deficient" and will not be dismissed on this ground.

9 Accordingly,

10 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to
11 dismiss (doc. #20) be, and the same hereby is, DENIED.

12 DATED June 14, 2011.

*[signature]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -